17 MAG 7506

Approved: _____
          ALISON G. MOE
          Assistant United States Attorney

Before:   THE HONORABLE KATHARINE H. PARKER
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - X
                                       :   SEALED COMPLAINT
UNITED STATES OF AMERICA               :
                                       :   Violations of
     - v. -                            :   18 U.S.C. §§ 1344
                                       :   and 2
JOEL H. MINGO LAMAR,                   :
                                       :   COUNTY OF OFFENSE:
                                       :   BRONX
                    Defendant.         :
                                       :
- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        CHRISTOPHER O'ROURKE, being duly sworn, deposes and says that he is a Postal Inspector with the United States Postal Inspection Service ("USPIS"), and charges as follows:

COUNT ONE
(Bank Fraud)

        1.      From at least in or about November 2015 up to and including at least on or about February 7, 2017, in the Southern District of New York and elsewhere, JOEL H. MINGO LAMAR, the defendant, willfully and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, LAMAR deposited $134,009.32 in checks payable to others into bank accounts controlled by LAMAR at financial institutions.

        (Title 18, United States Code, Sections 1344 and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a United States Postal Inspector. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. On or about September 16, 2016, I interviewed an individual ("Individual-1"), who informed me that in or about early September 2016, Individual-1 placed approximately 14 corporate checks in the mail in connection with his work as a property manager in the Bronx. Individual-1 further stated that he had received complaints that the checks had not been received by their intended recipients. Individual-1 provided me with information for the bank account from which the missing checks were drawn.

4. Based on my review of financial records for three bank accounts that appear to be controlled by JOEL H. MINGO LAMAR, the defendant, I have learned, in part, the following:

   a. I have reviewed financial records from an account held in the name "El Chaval Painting, Inc." ("Lamar Account-1"). From on or about November 17, 2015, until on or about January 4, 2016, 30 third party checks were deposited into Lamar Account-1, totaling approximately $27,750.11. The account records from the financial institution include consumer complaints alleging that five of the third-party checks deposited into Lamar Account-1 were stolen. Of the eighteen third-party checks in the account, none were made out to either JOEL H. MINGO LAMAR, the defendant, or to El Chaval Painting, Inc. However, based on my review of the account opening documents, it appears that the individual who opened Lamar Account-1 presented his passport, and that the financial institution retained a photocopy of the passport. Based on my review of that copy, it appears that the document is a passport issued by the Dominican Republic to LAMAR (the "Lamar Passport"), and that the photograph on the passport appears to depict the same individual who is depicted in publicly-available

2

profile photographs for a social media account under the name "Joel Mingo." It further appears that the handwriting and signature on cash withdrawal slips for Lamar Account-1 match the handwriting and signature on the account opening documents, which appear to be signed "Joel Mingo."

    b. From my conversations with an employee at the consulate to the Dominican Republic in New York City, I have learned that the Lamar Passport appears to be a legitimate passport issued by the consulate.

    c. I have reviewed financial records from an account held in the name "El Chaval Painting, Inc." ("Lamar Account-2"). From on or about July 13, 2016, until on or about September 20, 2016, 18 third party checks were deposited into Lamar Account-2, totaling approximately $28,899.21. Two of those checks were corporate checks reported missing by Individual-1. See supra ¶ 3. Based on my review of records maintained by the U.S. Postal Service, it appears that one of the checks matched a check reported missing by an individual ("Individual-2") who filed a complaint with the postal service. Of the eighteen third-party checks in the account, none were made out to either LAMAR or to El Chaval Painting, Inc. However, based on my comparison of surveillance photographs from the financial institution and the passport photograph on the Lamar Passport, see supra ¶ 4(a), it appears that LAMAR deposited the checks and made several cash withdrawals from the account. It further appears from the account opening documents that the identification number provided by the individual opening the account was the passport number on the Lamar Passport.

    d. I have reviewed financial records from an account held in the name "El Chaval Painting" ("Lamar Account-3"). From on or about October 12, 2016, until on or about February 7, 2017, 61 third party checks were deposited into Lamar Account-3, totaling approximately $77,360. Of the 61 third-party checks in the account, 56 were made out to neither LAMAR nor to El Chaval Painting. However, based on my comparison of surveillance photographs from the financial institution and the passport photograph of LAMAR, it appears that LAMAR deposited the checks and withdrew a portion of the funds in cash.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of JOEL H. MINGO LAMAR, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
CHRISTOPHER O'ROURKE
Postal Inspector
United States Postal Inspection Service

Sworn to before me this
10 day of October, 2017

_____
THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK