

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 22, 2018

**BY ECF**

The Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Joel H. Mingo Lamar</u>, 18 Cr. 107 (SDA)

Dear Judge Aaron:

    The defendant in this case, Joel H. Mingo Lamar, is scheduled to be sentenced on February 23, 2018, at 3:30 p.m., having pleaded guilty to one count of bank larceny, in violation of Title 18, United States Code, Section 2113(b). The Government respectfully submits this letter in advance of the sentencing. The parties have stipulated in a plea agreement that the United States Sentencing Guidelines ("Guidelines") range is 0 to 6 months' imprisonment (the "Stipulated Guidelines Range"). For the reasons set forth below, the Government submits that a Guidelines sentence would be reasonable in this case.

    **A.  Offense Conduct**

    From approximately November 2015 to February 2017, the defendant deposited 109 stolen checks into bank accounts that he controlled. <u>Complaint</u>, ECF No. 1. The defendant withdrew the funds from the accounts in cash after the checks were deposited. *Id.*

    Although the defendant pleaded guilty to a narrower scope of conduct, the Court may consider the full scope of the defendant's conduct when determining an appropriate sentence, pursuant to U.S.S.G. § 1B1.4 and 18 U.S.C. § 3661.

    **B.  Procedural History**

    The defendant was arrested on October 12, 2017, and granted bail. After signing a bond, the defendant was transferred into the custody of Immigration and Customs Enforcement. The defendant pleaded guilty to a one-count Information on February 22, 2018, pursuant to a plea agreement containing a Stipulated Guidelines Range of 0 to 6 months, based on a total offense level of 6 and a Criminal History category of I. The defendant requested expedited sentencing and waived the preparation of a Pre-Sentence Report by the Probation Department.

## C. Discussion

The most important sentencing factors in this case are the need to promote respect for the law, to provide just punishment, and to afford adequate deterrence to this defendant and other similarly situated individuals. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). All of these considerations weigh in favor of imposition of a sentence within the Stipulated Guidelines Range.

First, a sentence within the Guidelines Range would reflect the seriousness of the defendant's conduct, which was a deliberate pattern of fraud, committed over a period of over two years. Although the defendant's conduct was not sophisticated—he deposited the checks himself, into accounts opened using his identification—it was repeated and extensive. Accordingly, a sentence within the Guidelines Range is necessary in order to promote respect for the law and to provide just punishment for the offense.

Second, a sentence within the Guidelines Range would afford adequate deterrence to this defendant and other similarly situated individuals. Given the scope of the defendant's conduct, it is important that the Court impose a sentence that demonstrates that this conduct carries consequences.

Finally, with respect to restitution, the Government respectfully requests that the Court order restitution to the following victims: (1) Bank of America, in the amount of $13,365.27; (2) Chase, in the amount of $12,636.65, and (2) TD Bank, in the amount of $77,360.[1]

In summary, a Guidelines sentence adequately balances the various considerations under § 3553(a) and achieves the statute's stated objectives.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

by: _____/s/_____
Alison Moe
Assistant United States Attorney
(212) 637-2225

cc: Ian Marcus Amelkin, Esq. (by ECF)

---

[1] In the absence of a Pre-Sentence Report, the Government lacks information to take a position on the defendant's financial ability to pay a fine.