**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

February 22, 2018

By E-Mail & ECF

The Honorable Stewart D. Aaron
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   United States v. Mingo-Lamar
      18 Cr 107

Dear Judge Aaron:

Mr. Mingo-Lamar stands before this Court having pled guilty to one misdemeanor count of bank fraud, in violation of 18 U.S.C. § 2113(b). All parties agree that the United States Sentencing Guidelines range is between zero and six months, which places the recommended sentence in Zone A. See U.S.S.G. Ch. 5, Pt. A. Pursuant to Section 5C1.1(b) of the Guidelines, a "sentence of imprisonment is not required" in Zone A, and no such punishment is necessary here.

Section 3553(a) of Title 8 of the United States Code mandates that the Court impose a sentence "sufficient, but not greater than necessary" to achieve the goals of retribution, deterrence and rehabilitation. Considering each of these goals, a Guideline sentence of time served is the most just and appropriate sentence. A sentence is most appropriate given: (1) Mr. Mingo-Lamar's life circumstances; (2) the nature and circumstances of the offense; (3) the collateral consequences Mr. Mingo-Lamar faces as a result of his conviction; and (4) the time Mr. Mingo-Lamar has spent incarcerated by Immigration and Customs Enforcement.

***First***, a sentence of time served is appropriate given Mr. Mingo-Lamar's life circumstances. Mr. Mingo-Lamar is 35 years old and has two young American citizen children. He was born in the Dominican Republic but came here when he was quite young to work. His family including his mother and brothers are in the United States, and. his family has been incredibly supportive and come to each of his Court appearances and check in with his legal team almost daily. Furthermore, Mr. Mingo-Lamar has worked steadily to support his family as a painter, and he is skilled in this profession. He has paid taxes every year since 2007 and takes pride in his painting business.

The Honorable Stewart D. Aaron
United States Magistrate Judge
<u>United States v. Mingo Lamar</u>, 18 CR 107

  This is Mr. Mingo-Lamar's first contact with the criminal justice system. He has zero prior arrests or convictions, and he is eligible for a Zone A sentence, the lowest possible pursuant to the Guidelines. Mr. Mingo-Lamar hopes to dispose of this criminal case so that he can move on with his life and with his new wife, Jeneli Lopez. He has known Jeneli for more than fifteen years, and they have been together for over a year. He is very much looking forward to calling her his bride from tomorrow until the end of his days.

  ***Second***, Mr. Mingo-Lamar should be sentenced to time served given the nature and circumstances of his offense. Mr. Mingo-Lamar pled guilty to a misdemeanor, which far less serious conduct than for which he was originally charged. In this district, Courts routinely sentence defendants to non-incarceratory sentences. <u>See</u>, <u>e.g.</u>, <u>United States v. Caballero</u>, 16 Cr 750 (JSR) (one-year probation); <u>United States v. Kiamanesh</u>, 99 Cr 418 (KNF) (15 months' probation); <u>United States v. Rubin</u>, 14 Cr 741 (time served from the day of defendants' arrest); <u>United States v. Acosta</u>, 12 Cr 751 (JFK) (probation). Here, a non-prison sentence is particularly appropriate given the Guideline range. Most cases, even when reduced to misdemeanors result in far higher Guideline ranges than at issue here.

  Mr. Mingo-Lamar is charged with a non-violent offense in which he deposited checks given to him by another person in his painting business checking accounts. He did not personally steal the checks, alter the checks, or know where the checks came from. He did not keep the majority of the money as he gave it to the person who gave him the checks to deposit. This crime does not call for a prison term even when a felony, let alone as a misdemeanor.

  ***Third***, Mr. Mingo-Lamar should be sentenced to time served given the collateral consequences he likely faces. Mr. Mingo-Lamar will as of tomorrow have an American citizen wife, two American citizen children, and three American citizen step-children. But this conviction makes it possible, if not likely, that he will be deported and separated from the people he loves. As Mr. Mingo-Lamar will likely be brought back to ICE custody once he is sentenced, the Court need not further punish Mr. Mingo-Lamar with another day in prison for this offense.

  ***Fourth***, Mr. Mingo-Lamar has spent more than four months in ICE custody already as a result of this offense. This is more than adequate punishment. Mr. Mingo-Lamar was presented on October 12, 2017 and was granted bail by Magistrate Judge Parker. After he met his bail conditions, ICE picked up Mr. Mingo-Lamar and brought him to the Bergen County Correctional Facility and held him in custody. This incarceration was very likely against the law. <u>See</u> <u>United States v. Boutin</u>, 269 F. Supp. 3d 24 (E.D.N.Y. 2017) (holding ICE's detention of defendant pursuant to immigration detainer violated Bail Reform Act and required release of defendant from detention or dismissal of his indictment with prejudice). These four months in

The Honorable Stewart D. Aaron
United States Magistrate Judge
<u>United States v. Mingo Lamar</u>, 18 CR 107

jail cannot be ignored. Given that a Zone A sentencing range almost presumptively calls for a non-incarceratory sentence, a sentence of time served is even more appropriate here given the four months Mr. Mingo-Lamar was held against his will.

***Finally***, Mr. Mingo-Lamar respectfully requests that the Court not order restitution in this case. Imposing restitution would have severe collateral consequences for Mr. Mingo-Lamar, as any amount of restitution set about $10,000 may make him presumptively deportable. <u>See</u> 8 U.S.C. § 1101(a)(43)(D) (defining an aggravated felony as a fraud in which the loss amount exceeds $10,000); 8 U.S.C. § 1227(a)(2)(A)(iii) (codifying that any previously legally admitted immigrant found guilty of an aggravated felony is subject to deportation). The banks at issue here are some of the largest in the world and are more than well insured, but it is also important to note that Mr. Mingo-Lamar earned nowhere close to the amount suggested in the Government's letter. While he admits to depositing checks that totaled less than $1,000, as he did in his plea allocution, he <u>does not admit</u> that the loss was a dollar over that amount and he should not be liable for anything more than the amount he pleaded guilty for taking.

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663(a)(1)(A), governs this Court's "authority to determine and impose a restitution penalty on a criminal defendant, authorizes a district court to order restitution for losses that the defendant expressly agreed to in a plea agreement or losses directly caused by the conduct composing the offense of conviction." <u>See</u> <u>United States v. Germosen</u>, 139 F.3d 120, 131 (2d Cir.1998) ("Absent a stipulation in a plea agreement, a sentencing court may award restitution only for losses directly resulting from the conduct forming the basis for the offense of conviction.") (internal quotation marks omitted). In this case, Mr. Mingo-Lamar admitted to only taking $1,000 dollars, and as such, his restitution should be capped at that amount.

Under the VWPA, the Court should consider: (1) the amount of loss sustained by each victim; (2) the financial resources of the defendant; (3) the financial needs and earning ability of the defendant and the defendant's dependents; and (4) such other factors as the court deems appropriate. 18 U.S.C. § 3663(a)(1)(B)(i). Moreover, "[t]o the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order." <u>Id</u>. § 3663(a)(1)(B)(ii).

All of these factors favor an order of restitution in the amount of $1,000. The "victims" in this case are mutli-national, multi-billion-dollar banks who are insured for the full extent of their losses. On the other hand, Mr. Mingo-Lamar is a poor painter with two small children who has not worked in the past four months because he is incarcerated in ICE custody. The Government generously offered him a

3

The Honorable Stewart D. Aaron
United States Magistrate Judge
<u>United States v. Mingo Lamar</u>, 18 CR 107

misdemeanor plea agreement, but should the Court impose restitution over $10,000, Mr. Mingo-Lamar may as well have pled guilty to a felony because a restitution amount over $10,000 will be treated as an aggravated felony in immigration court. Considering the factors expressed in 18 U.S.C. § 3663(a)(1)(B)(i), restitution is just not appropriate in this case.

The Government is aware that Mr. Mingo-Lamar did not steal the checks deposited into his account. As such this case is similar to <u>United States v. Ledesma</u>, 60 F.3d 750, 751 (11 Cir. 1995). In <u>Ledesma</u>, the Eleventh Circuit held that restitution was not appropriate where a defendant was convicted of exporting stolen cars. The Court held that "the injury to the Mercedes' owner here was caused by the theft of the vehicle, not by [defendant's] subsequent attempt to export the stolen Mercedes. Because [defendant] was not convicted of stealing the Mercedes, he cannot be ordered to pay restitution for injury which resulted from the car's theft." <u>Id</u>. The same should apply to Mr. Mingo-Lamar.

Should the Court be inclined to impose restitution over $1,000, Mr. Mingo-Lamar respectfully requests the Court consider one of the following options:

(1) Cap the restitution at $9,500 and set up a payment system such that Mr. Mingo-Lamar can pay the funds over time.

(2) Impose its sentence but allow additional briefing on the restitution issue—the Court has up to ninety days after imposing sentence to make its determination on restitution. Should the Government wish to impose a large restitution number it should provide the Court will specific victim statements and losses such that it is confident that an amount of restitution over $10,000 is appropriate given the facts and circumstances of this case.

The decision to impose of whether to impose restitution will have far-reaching and permanent consequences for Mr. Mingo-Lamar and his family. Given his financial, family, and immigration circumstances, I respectfully request that the Court tomorrow chooses to forgo restitution because of the reasons set forth in either 18 U.S.C. § 3663(a)(1)(B)(i) or (ii).

Thank you for your consideration of this request.

Very Truly Yours,

<u>/s/ IMA</u>
Ian H. Marcus Amelkin
Assistant Federal Defender
Tel.: (212) 417-8733

4