**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 15, 2018

<u>BY ECF & Email</u>

The Honorable Stewart D. Aaron
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   <u>United States v. Mingo-Lamar</u>
       18 Cr 107

Dear Judge Aaron:

    Joel Mingo-Lamar was sentenced on Friday, February 23, 2018 to time-served followed by two years' supervised release after pleading guilty to one count of misdemeanor bank fraud, pursuant to 18 U.S.C. § 2113(b). The Court left open the question of whether to impose a $1000 fine and/or restitution. I write to request for (1) the Court to not impose a fine because Mr. Mingo-Lamar is indigent; and (2) the Court to impose restitution in the amount of $999.



1

The Honorable Stewart D. Aaron
<u>United States v. Mingo-Lamar</u>
18 Cr. 107

## The Court Should Not Impose a Fine

The Second Circuit has held that where a "defendant is indigent, a fine should not be imposed absent evidence in the record that he will have the earning capacity to pay the fine after release from prison." <u>United States V. Rivera</u>, 971 F.2d 876, 895 (2d Cir. 1992). Such evidence is absent from the record in this case.

Although Mr. Mingo-Lamar was working steadily as a painter prior to his detention, he has not worked now in six months and his debts are greater than his assets. <u>See</u> Def. Letter (Mar. 9, 2018). Even before his incarceration, he was not working as regularly because he injured himself and it made it hard for him to paint. Moreover, Mr. Mingo-Lamar is currently detained by Immigration and Customs Enforcement ("ICE") and it is possible that he will be deported from this country. Seeing as he may be deported to the Dominican Republic, a country he has not lived or worked in since he was much younger, the prospect of Mr. Mingo-Lamar being able to pay a fine after his release is remote. This is especially the case because Mr. Mingo-Lamar has five young children to care for as well as a new wife. As such, I respectfully ask the Court to not impose a fine in this case.

## The Court Should Impose Restitution in the Amount of $999

Pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663, this Court may only impose restitution for losses a defendant expressly agreed to pay in a plea agreement or for losses "directly caused by the conduct composing the offense of conviction." <u>United States v. Polite</u>, 216 F.3d 1074, at *1 (2d Cir. 2000); <u>see also</u> <u>Hughey v. United States</u>, 495 U.S. 411, 416 (1990). Courts look to the plea agreement, the plea colloquy, and the charging document to understand the offense of conviction. <u>See</u> <u>United States v. Lynch</u>, 345 F. App'x. 798, 803 (3d Cir. 2009). The plea agreement in this case does not state an amount of restitution other than as "an amount to be set by the Court." <u>See</u> Court Ex. 1–2 (Feb. 22, 3018). The offense of conviction in this case is spelled out in the misdemeanor Information:

> From at least in or about November 2015 up to and including about February 2017, in the Southern District of New York, JOEL H. MINGO LAMAR, the defendant, did knowingly take and carry away, with intent to steal or purloin, property and money not exceeding $1,000 in value, belonging to, and in the care, custody, control, management and possession of a bank, to wit, LAMAR deposited checks payable to

The Honorable Stewart D. Aaron
<u>United States v. Mingo-Lamar</u>
18 Cr. 107

> others into bank accounts controlled by LAMAR at financial institutions, without the knowledge or consent of the checks' payees.

See <u>United States v. Mingo-Lamar</u>, 18 Cr. 107, ECF No. 11 (S.D.N.Y. Feb. 9, 2018).

This Information, which Mr. Mingo-Lamar pleaded guilty to on February 22, 2018, provides the full extent of the offense of conviction. It is not a conspiracy charge, but a finite crime that existed between November 2015 and February 2017, and as such, any restitution award should be capped at less than $1000.

Not surprisingly, very few courts have written on restitution for misdemeanor cases, however <u>United States v. Payne</u>, 2009 WL 5062099 (S.D. Ohio Dec. 16, 2009) is persuasive. In <u>Payne</u>, the defendant was charged with violating 18 U.S.C. § 641 for embezzling public money. The statute is similarly written to 18 U.S.C. § 2113(b), which is at issue here. The Court in <u>Payne</u> found that the offense of conviction is defined by the information, and held that restitution was limited to below $1,000. <u>Payne</u>, 2009 WL 5062099, at *4. The Court explained that the "offense cannot involve a theft of government property in any amount in excess of $1,000. It would be hard to conclude that restitution in any amount greater than $1,000 would be compensating the government for losses caused by the misdemeanor offense described in the Information." <u>Id.</u>, at *2. As the Court concluded, "the offense remains a misdemeanor and is statutorily limited to conduct that deprived . . . property with a value of less than $1,000." <u>Id.</u>

<u>Payne</u> is analogous to other cases where Courts have relied on the four corners of the pleading document and the plea agreements in making restitution decisions. For example, in <u>United States v. Morrison</u>, 685 F. Supp. 2d 339 (E.D.N.Y. 2010), Judge Hurley held that any award of restitution "must be confined to [the] period" alleged in the indictment, and that it could not award restitution for losses covered by the same type of conduct for other time periods. And in <u>United States v. Susi</u>, 378 Fed. Appx. 277, 287 (4th Cir. May 14, 2010), the Fourth Circuit reversed an order of restitution because it went beyond the charged conduct. See also <u>United States v. Yijun Zhou</u>, 838 F.3d 1007, 1013 (9th Cir. 2016) ("[A] court is authorized to order restitution for the offense of conviction and not for other related offenses of which the defendant was not convicted.") (internal quotation marks omitted).

In this case, Mr. Mingo-Lamar was originally charged with felony bank fraud, and the loss amount was greater than $1,000. After negotiating with the Government, he agreed to a plea agreement in which he pleaded guilty to a misdemeanor with a loss amount capped at $1000. See 18 U.S.C. § 2113(b). For the Court to order more than $1,000 restitution, it would be ordering Mr. Mingo-Lamar to pay for crimes

The Honorable Stewart D. Aaron
<u>United States v. Mingo-Lamar</u>
18 Cr. 107

outside of the offense of conviction and be in violation both the spirit of the plea agreement as well as plain language of the statue.

      Finally, restitution over $10,000, as the Government requests, would have severe collateral consequences for Mr. Mingo-Lamar. As discussed in his sentencing memorandum, any amount of restitution set above $10,000 may make Mr. Mingo-Lamar presumptively deportable. <u>See</u> 8 U.S.C. § 1101(a)(43)(D) (defining an aggravated felony as a fraud in which the loss amount exceeds $10,000); 8 U.S.C. § 1227(a)(2)(A)(iii) (codifying that any previously legally admitted immigrant found guilty of an aggravated felony is subject to deportation). Considering that Mr. Mingo-Lamar pleaded guilty to a misdemeanor, he respectfully request the Court not impose restitution that would make him a felon in the eyes of immigration authorities.

      Thank you for your consideration of this request.

                                      Very Truly Yours,

                                      /s/

                                      Ian H. Marcus Amelkin
                                      Assistant Federal Defender
                                      Tel.: (212) 417-8733