I2M8LAMP

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA,

 4               v.                              18 Cr. 107 (SDA)

 5    JOEL H. MINGO LAMAR,

 6                    Defendant.

 7    ------------------------------x

 8                                          February 22, 2018
                                            12:15 p.m.
 9
      Before:
10
                          HON. STEWART D. AARON
11
                                            Magistrate Judge
12

13                          APPEARANCES

14    GEOFFREY S. BERMAN
           Interim United States Attorney for the
15         Southern District of New York
      ALISON G. MOE
16         Assistant United States Attorney

17    FEDERAL DEFENDERS OF NEW YORK
           Attorneys for Defendant
18    IAN H. MARCUS AMELKIN

19

20    Also present:  DAVID MINTZ, Interpreter (Spanish)

21

22

23

24

25
```

I2M8LAMP

1                    (Case called)

2                    THE DEPUTY CLERK:  Counsel, please state your

3    appearances for the record.

4                    MS. MOE:  Good afternoon, your Honor.  Alison Moe for

5    the government.

6                    THE COURT:  Good afternoon.

7                    MR. MARCUS AMELKIN:  Good afternoon, your Honor.

8    Thank you for seeing us on short motion.  Ian Marcus Amelkin of

9    the Federal Defenders of New York on behalf of Mr. Mingo Lamar.

10                   THE COURT:  Good afternoon.

11                   Please be seated.

12                   So we are here this afternoon on the matter United

13   States against Joel H. Mingo Lamar, 18 Cr. 107.

14                   Mr. Lamar, you have appeared before me before.  I am

15   Magistrate Judge Aaron.  And I understand that we are here

16   today because Mr. Lamar wishes to enter a plea with respect to

17   the charges alleged against him in Count One of the

18   information.  Is that correct?

19                   MR. MARCUS AMELKIN:  Yes, your Honor.

20                   THE COURT:  I am going to ask my law clerk to swear in

21   the defendant.

22                   (Defendant sworn)

23                   THE COURT:  Mr. Lamar, the purpose of this proceeding

24   is to make sure that you understand your rights, to decide

25   whether you are pleading guilty of your own free will, and to

I2M8LAMP

```
1    make sure you are pleading guilty because you are guilty and
2    not for some other reason.
3              Do you understand?
4              THE DEFENDANT:  Yes.
5              THE COURT:  I am now going to ask you certain
6    questions.  It's very important that you answer these questions
7    honestly and completely.  If you don't understand any of the
8    questions, or if you want any time to consult with your lawyer,
9    please say so because it is important that you understand every
10   question before you answer.
11             What is your full name?
12             THE DEFENDANT:  Joel Hilario Mingo Lamar.
13             THE COURT:  How old are you?
14             THE DEFENDANT:  35.
15             THE COURT:  What language or languages do you speak?
16             THE DEFENDANT:  Spanish.
17             THE COURT:  Can you read and write in Spanish?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  What was the highest grade in school that
20   you completed?
21             THE DEFENDANT:  First year of secondary school.
22             THE COURT:  Are you currently or have you recently
23   been under the care of a doctor or a mental health professional
24   for any reason?
25             THE DEFENDANT:  No.
```

I2M8LAMP

1          THE COURT:  Are you under the influence of any drug or

2     alcohol today?

3          THE DEFENDANT:  No.

4          THE COURT:  How are you feeling physically today?

5          THE DEFENDANT:  OK.

6          THE COURT:  Have you had sufficient time to discuss

7     the charges against you and your plea with your attorney, Mr.

8     Amelkin?

9          THE DEFENDANT:  Not today.

10          THE COURT:  OK.  Have you had sufficient time prior to

11     today to discuss the charges against you and a plea that you

12     are going to be making here today?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Have you been satisfied with the advice

15     and counsel that Mr. Amelkin has provided to you?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Are you ready to enter a plea today?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Does either counsel have any objections to

20     the defendant's competence to plead at this time?

21          MS. MOE:  No, your Honor.  However, we would

22     respectfully request that the Court inquire of the defendant

23     whether he understands the interpreter, and advise him that if

24     he doesn't understand anything that is being translated to him,

25     to alert the Court.

I2M8LAMP

| | |
|---|---|
| 1 | In addition, perhaps the Court could inquire whether |
| 2 | the charging instrument, the information in this case has been |
| 3 | translated to him in Spanish. |
| 4 | Thank you, your Honor. |
| 5 | THE COURT:  Are you having any difficulty |
| 6 | understanding the translator? |
| 7 | THE DEFENDANT:  No. |
| 8 | THE COURT:  If you do have difficulties, would you |
| 9 | please let me know? |
| 10 | THE DEFENDANT:  OK. |
| 11 | THE COURT:  When you appeared before me last, we had |
| 12 | looked at the information, which was the charging instrument |
| 13 | that was used to assert charges against you. |
| 14 | Do you recall that? |
| 15 | THE DEFENDANT:  Yes. |
| 16 | THE COURT:  Have you had an opportunity to review that |
| 17 | document with your lawyer? |
| 18 | THE DEFENDANT:  No.  Oh, yes. |
| 19 | THE COURT:  Just to be clear, I am going to hand my |
| 20 | law clerk the document entitled misdemeanor information. |
| 21 | Mr. Amelkin has one.  So you have before you the |
| 22 | misdemeanor information. |
| 23 | Was that document translated for you, Mr. Lamar? |
| 24 | THE DEFENDANT:  The misdemeanor, yes. |
| 25 | THE COURT:  Are there any other questions that the |

I2M8LAMP

1    government would like me to ask the defendant?

2                MS. MOE:  No, your Honor.  Thank you very much.

3                THE COURT:  Mr. Lamar, in order to determine whether

4    your plea is voluntary and made with a full understanding of

5    the charges against you and the consequences of your plea, I am

6    going to make certain statements to you and I am going to ask

7    you certain questions.  I want you to understand that I need

8    not accept your plea unless I am satisfied that you are in fact

9    guilty and that you understand your rights.

10                Now, Count One of the information that we just took a

11    look at contains a single count that charges you with bank

12    larceny, in violation of Title 18, United States Code, Section

13    2113B, and carries a maximum term of imprisonment of one year,

14    a maximum term of supervised release of one year, a maximum

15    fine of $100,000, and a $25 mandatory special assessment.

16                Do you understand that that is the crime to which you

17    are pleading and the maximum penalties applicable to that

18    crime?

19                THE DEFENDANT:  Yes.

20                THE COURT:  Do you understand that the total maximum

21    sentence of imprisonment on Count One is one year?

22                THE DEFENDANT:  Yes.

23                THE COURT:  Do you understand that the total maximum

24    term of supervised release on Count One is one year?

25                THE DEFENDANT:  Yes.

I2M8LAMP

1          THE COURT:  Do you understand that under your plea

2     agreement, you agree to pay restitution in an amount that the

3     court specifies, and that the obligation to make such

4     restitution shall be made a condition of probation or of

5     supervised release?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Finally, I am required by law to tell you

8     that there is a special assessment, or a fine, of $25 that is

9     required to be imposed.

10          Mr. Lamar, what country are you a citizen of?

11          THE DEFENDANT:  Dominican Republic.

12          THE COURT:  Do you understand that if you are not a

13     citizen of the United States, your guilty plea and conviction

14     make it very likely that your deportation from the United

15     States is presumptively mandatory and that, at a minimum, you

16     are at risk of being deported or suffering other adverse

17     immigration consequences?

18          THE DEFENDANT:  Yes.

19          THE COURT:  If that does happen, you will still be

20     bound by your guilty plea, that is, you will not be able to

21     withdraw it, regardless of any advice you have received from

22     your counsel or others regarding the immigration consequences

23     of your plea.

24          Do you understand that?

25          THE DEFENDANT:  Yes.

I2M8LAMP

1          THE COURT:  Do you understand the charges against you

2      and the consequences of pleading guilty?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand that in consideration of

5      your plea, you will not be further criminally prosecuted by the

6      United States attorney's office for bank fraud as charged in

7      the information, it being understood that your plea does not

8      bar the use of such conduct as a predicate act or as a basis

9      for a sentencing enhancement in a subsequent prosecution?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Do you understand that the United States

12     attorney cannot make any promises to you concerning criminal

13     tax violations?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that you have the right

16     to plead not guilty and the right to a trial on the charges

17     against you and, in fact, a trial by jury?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Now I am going to ask the assistant United

20     States attorney to state the elements of the crime charged.

21     Just so you understand, the elements are the things that the

22     government would have to prove beyond a reasonable doubt if you

23     went to trial.

24          MS. MOE:  Your Honor, Count One of the misdemeanor

25     information charges the defendant with bank larceny.

I2M8LAMP

1          The elements of those crimes are as follows:

2          First, that the defendant took and carried away money,

3    property, or a thing of value belonging to or in the care,

4    custody, control, management, or possession of a bank, credit

5    union, or insured savings and loan association;

6          Second, that at the time the bank, credit union, or

7    insured savings and loan association had its deposits insured

8    by the Federal Deposit Insurance Corporation; and

9          Third, that the defendant took and carried away such

10   money, property, or thing of value with the intent to steal.

11         In addition to those elements, which the government

12   would be required to prove beyond a reasonable doubt, the

13   government would be required to prove that venue in this

14   district is proper by a preponderance of the evidence.

15         THE COURT:  Mr. Lamar, do you understand that if you

16   pled not guilty and went to trial, the burden would be on the

17   government to prove each and every element of the crime

18   charged, except for that last piece, beyond a reasonable doubt

19   in order to convict you?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Do you understand that you would have the

22   right to be represented by an attorney at all stages of the

23   proceeding, and if necessary, an attorney would be appointed

24   for you?

25         THE DEFENDANT:  Yes.

I2M8LAMP

1      THE COURT:  Do you understand that at trial, you would

2   have the right to confront and cross-examine witnesses against

3   you and the right not to be compelled to incriminate yourself?

4      THE DEFENDANT:  Yes.

5      THE COURT:  Do you understand that at trial, you would

6   be presumed innocent until such time, if ever, the government

7   established your guilt by competent evidence to the

8   satisfaction of the trier of fact beyond a reasonable doubt?

9      THE DEFENDANT:  Yes.

10      THE COURT:  Do you understand that at trial, you would

11   have the right to testify and would also be entitled to

12   compulsory process, in other words, the right to call other

13   witnesses on your behalf?

14      THE DEFENDANT:  Yes.

15      THE COURT:  Do you understand that if your plea is

16   accepted, there will be no further trial of any kind, so that

17   by pleading guilty you are waiving your right to trial?

18      THE DEFENDANT:  Yes.

19      THE COURT:  Do you understand that if you are

20   sentenced to a period of supervised release, and if you violate

21   the terms of your supervised release, an additional period of

22   jail time may be imposed without credit for the time you had

23   previously spent on supervised release?

24      THE DEFENDANT:  Yes.

25      THE COURT:  Do you understand that any statements you

I2M8LAMP

1    make here today under oath may be used against you in a

2    prosecution for perjury or for making false statements?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Failing to tell the truth today in this

5    proceeding is a crime.

6              Do you understand?

7              THE DEFENDANT:  Yes.

8              THE COURT:  The Court has been provided a signed copy

9    of the plea agreement.  It's a letter that bears the date

10   January 23, 2018, but on the fifth page it is signed by

11   Mr. Mingo Lamar today and approved by his lawyer, Mr. Amelkin.

12             Mr. Lamar, did you sign the plea agreement here this

13   afternoon?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Did you have the agreement translated for

16   you before you had signed it?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Did you discuss the plea agreement with

19   your attorney?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Now, putting the plea agreement to one

22   side, separate and apart from the plea agreement, have any

23   threats or promises been made to you to make you plead guilty?

24             THE DEFENDANT:  No.

25             THE COURT:  Has anyone forced you to plead guilty?

I2M8LAMP

```
 1              THE DEFENDANT:  No.

 2              THE COURT:  Separate and apart from the plea

 3    agreement, have any understandings or promises been made to you

 4    concerning the sentence that you will receive?

 5              THE DEFENDANT:  No.

 6              THE COURT:  Is your plea voluntary, in other words, of

 7    your own free will?

 8              THE DEFENDANT:  Yes, sir.

 9              THE COURT:  Now I am going to review some portions of

10    the agreement with you.  The plea agreement says that you and

11    the government have reached agreement regarding the appropriate

12    calculation of your sentence under a part of our law known as

13    the sentencing guidelines, and that the stipulated guideline

14    sentencing range is from zero to six months' imprisonment.

15              Do you understand that?

16              THE DEFENDANT:  Yes, sir.

17              THE COURT:  And the letter also states that you and

18    the government have agreed that the applicable fine range is

19    $1,000 to $9,500.

20              Do you understand that?

21              THE INTERPRETER:  The upper limit of the fine for the

22    interpreter's sake?

23              THE COURT:  9,500.

24              THE DEFENDANT:  Yes.

25              THE COURT:  Do you understand that neither the
```

I2M8LAMP

1    probation office nor the court is bound by the guideline

2    stipulations and that the sentence to be imposed upon you is

3    determined solely by the court?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  In imposing its sentence upon you, the

6    court is obligated to calculate the applicable sentencing

7    guideline range in determining a sentence range, including

8    other sentencing factors that are set forth in Title 18 of the

9    United States Code, Section 3553(a).

10             Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you understand that you have agreed not

13   to file a direct appeal or otherwise challenge your conviction

14   or sentence if you are sentenced within or below the stipulated

15   guidelines range?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  And do you understand that you also have

18   agreed to waive your right to appeal any term of supervised

19   release that is less than or equal to the statutory maximum?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  And do you understand that you also have

22   agreed to waive your right to appeal any fine that is less than

23   or equal to $9,500?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  And are you pleading guilty because you

I2M8LAMP

1      are in fact guilty?

2                  THE DEFENDANT:  Yes, sir.

3                  THE COURT:  Do you understand that the plea agreement

4      does not bind any prosecuting office other than the United

5      States Attorney's Office for the Southern District of New York?

6                  THE DEFENDANT:  Yes.

7                  THE COURT:  Do you understand that apart from any

8      proffer agreements you may have entered into with the

9      government, this plea agreement takes the place of any prior

10     understanding you may have had with the government, and that

11     this plea agreement cannot be modified, except in a writing

12     signed by all parties?

13                 THE DEFENDANT:  Yes, sir.

14                 THE COURT:  Do you understand that if your conviction

15     following your plea of guilty is vacated for any reason, then

16     the government is not time barred, and that if the cause of

17     action is not time barred as of the date you signed the

18     agreement, the government can reinstate its prosecution against

19     you?

20                 THE DEFENDANT:  Yes.

21                 THE COURT:  Mr. Lamar, did you commit the offense to

22     which you are pleading?

23                 THE DEFENDANT:  Yes.

24                 THE COURT:  Please tell me in your own words what you

25     did.

I2M8LAMP

1     THE DEFENDANT:  In 2016, I deposited some checks that
2   didn't belong to me.  I am sorry.  In New York.
3     THE COURT:  Did you undertake those acts knowing that
4   you were stealing from others?
5     THE DEFENDANT:  I knew that the checks did not belong
6   to me.
7     THE COURT:  Did you know at the time that the acts
8   that you were doing were wrong and against the law?
9     THE DEFENDANT:  Yes.
10     THE COURT:  Ms. Moe, are there other questions that
11   you would like me to pose to the defendant?
12     MS. MOE:  Thank you, your Honor.
13     Along the lines of the Court's previous question with
14   respect to the intent to steal, that is the third element of
15   this offense, and I don't believe the defendant has allocuted
16   to his intent to steal in depositing these checks.
17     THE COURT:  I will pose the question again to you.
18     In undertaking the actions that you did, did you
19   undertake these acts with the intent to steal?
20     THE DEFENDANT:  To steal?
21     THE COURT:  Yes.  That's the question.
22     MR. MARCUS AMELKIN:  Just one moment, your Honor.
23     THE COURT:  Sure.
24     (Counsel conferred with defendant)
25     THE DEFENDANT:  I made the deposits knowing that the

I2M8LAMP

1    money was not mine and with the intention of keeping some of

2    it.

3             THE COURT:  In other words, you were stealing some of

4    it, were you not?

5             THE DEFENDANT:  Yes.

6             THE COURT:  Ms. Moe, is that satisfactory?

7             MS. MOE:  Yes, your Honor.  Thank you.

8             In addition, the government would proffer that at the

9    time the defendant did this, he was located in the Bronx, with

10   respect to venue.

11            In addition, the government would proffer that the

12   victim banks were at that time insured by the Federal Deposit

13   Insurance Corporation.

14            MR. MARCUS AMELKIN:  We accept both of those proffers.

15            THE COURT:  Thank you.

16            MS. MOE:  Thank you, your Honor.

17            THE COURT:  Mr. Lamar, you may be seated.

18            THE DEFENDANT:  Thank you.

19            THE COURT:  Mr. Lamar, in light of all of the

20   foregoing, how do you wish to plead?

21            THE DEFENDANT:  Guilty.

22            THE COURT:  Mr. Amelkin, do you know of any reason why

23   Mr. Lamar ought not plead guilty?

24            THE DEFENDANT:  No, your Honor.

25            THE COURT:  Ms. Moe, does the government have any

I2M8LAMP

1    other questions it would like the Court to ask Mr. Lamar in

2    connection with his guilty plea generally?

3              MS. MOE:  Just one, your Honor.  Thank you.

4              If the Court could just confirm with the defendant

5    that he has been made no promises, apart from what is written

6    in the plea agreement, and that nothing has been left out, the

7    government would greatly appreciate it.

8              THE COURT:  I thought I covered that.

9              Am I correct, Mr. Lamar, that no promises have been

10   made to you other than those contained in the plea agreement?

11             THE DEFENDANT:  No.

12             THE COURT:  Let me pose the question a different way.

13             Were any promises made to you other than those

14   contained in the plea agreement?

15             THE DEFENDANT:  No.

16             MS. MOE:  Thank you, your Honor.

17             THE COURT:  Mr. Lamar, the Court is satisfied that you

18   understand the nature of the charges against you and the

19   consequences of your plea.  The Court is also satisfied that

20   your plea is being made voluntarily and knowingly and that

21   there is a factual basis.  Accordingly, I accept your plea of

22   guilty.

23             Mr. Amelkin, I understand your client is waiving the

24   preparation of a presentence report by the probation

25   department.

I2M8LAMP

1          MR. MARCUS AMELKIN:  That's correct, your Honor.  And

2     we are prepared to go to sentencing tomorrow at 3:30.

3          THE COURT:  We are scheduled for the sentencing

4     tomorrow, here in courtroom 11C, at 3:30 p.m.

5          MS. MOE:  Yes, your Honor.  Thank you.

6          THE COURT:  Is there anything further from either

7     side?

8          MS. MOE:  No, your Honor.  Nothing from the

9     government.

10          MR. MARCUS AMELKIN:  No.  Have a good day.

11          THE COURT:  We will see you tomorrow.

12          We stand adjourned.

13          (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25