

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

---

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

March 28, 2018

**BY ECF**

The Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Joel H. Mingo Lamar</u>, 18 Cr. 107 (SDA)

Dear Judge Aaron:

    The Government respectfully submits this letter in response to the defendant's March 15, 2018 letter, and in response to the Court's March 22, 2018 Order regarding restitution in this matter. For the reasons set forth below, restitution is not limited to $999, because the threshold loss amount in the bank larceny statute does not limit the restitution the defendant owes to his victims. Instead, the defendant is required to pay restitution to his victims for the full amount of their losses.

    Restitution in this case is mandatory, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. The purpose of the MVRA is "to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being." <u>United States v. Maynard</u>, 743 F.3d 374, 377 (2d Cir. 2014) (citing <u>United States v. Boccagna</u>, 450 F.3d 107, 115 (2d Cir. 2006)); <u>see</u> also 18 U.S.C. § 3664(f)(1)(A) (specifying that restitution must be ordered "to each victim in the <u>full</u> <u>amount</u> of each victim's losses" (emphasis added)).

    Although Section 3663A limits restitution to harm caused by the "offense of conviction," restitution is not limited to the harm caused by the elements of the crime of conviction. For example, in <u>Maynard</u>, 743 F.3d at 380, the Second Circuit held that a defendant convicted of bank robbery was required to pay restitution for monetary losses caused when the bank closed after the robbery; causing the closure of the bank was not, of course, an element of the crime of bank robbery. Thus, restitution was not strictly limited to the elements of the offense of conviction. In any event, the penalty threshold of $1,000 set forth in the bank larceny statute is not an *element* of the defendant's crime. If the defendant had proceeded to trial, the Government would not have been required to prove that the defendant stole *no more than* $1,000. Instead, the Government would be limited to seeking a sentence under one year's imprisonment absent proof of a higher loss amount. In other words, a defendant can steal more than $1,000 and still be guilty of the misdemeanor crime of bank larceny. Thus, the $1,000 figure in the statute is irrelevant to the

question of restitution.  For these reasons, the Government respectfully submits that the decision in <u>United States v. Payne</u>, 2009 WL 5062099 (S.D. Ohio, Dec. 16, 2009) is unpersuasive.

The question before the Court is whether the defendant's "offense of conviction," was limited to depositing a single unauthorized check, or whether the defendant's "offense of conviction" covered his pattern of conduct.  The charging instrument to which the defendant pleaded guilty provides a clear answer: the Information expressly stated that the defendant was charged with repeatedly depositing multiple checks over a span of months.  (Information, ECF No. 11 (charging that the defendant "deposited checks payable to others into bank accounts controlled by [the defendant] at financial institutions, without the knowledge or consent of the checks' payees," from November 2015 to February 2017).  <u>See</u> <u>United States v. Morrison</u>, 685 F. Supp. 2d 339, 349 (E.D.N.Y. 2010) (holding that the scope of restitution was determined by the time period set forth in the indictment).  Because the Government is only seeking restitution for harms caused by the conduct set forth in the Information, restitution is not only appropriate, but mandatory, under the MVRA.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

by: _____/s_____
      Alison Moe
      Assistant United States Attorney
      (212) 637-2225

cc:    Ian Marcus Amelkin, Esq. (by ECF)