```
     I2n1mins

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4            v.                              18 Cr. 107 (SDA)

 5   JOEL H. MINGO LAMAR,

 6              Defendant.                    Sentencing

 7   ------------------------------x

 8                                            New York, N.Y.
                                              February 23, 2018
 9                                            3:48 p.m.

10
     Before:
11
                       HON. STEWART D. AARON,
12
                                              Magistrate Judge
13

14                          APPEARANCES

15   GEOFFREY S. BERMAN
          Interim United States Attorney for the
16        Southern District of New York
     BY:  ALISON G. MOE
17        Assistant United States Attorney

18   FEDERAL DEFENDERS OF NEW YORK INC.
          Attorneys for Defendant
19   BY:  IAN H. MARCUS AMELKIN, ESQ.

20

21   ALSO PRESENT:  DAVID MINTZ, Interpreter (Spanish)
```

1        (Case called)

2        THE DEPUTY CLERK: Counsel, please state your

3  appearance for the record.

4        MS. MOE: Good afternoon, your Honor. Alison Moe for

5  the government.

6        THE COURT: Good afternoon.

7        MR. MARCUS AMELKIN: Good afternoon, your Honor. Ian

8  Marcus Amelkin of the Federal Defenders of New York on behalf

9  of Mr. Joel Mingo Lamar. And before we begin, Mr. Mingo Lamar

10 asked me to thank the Court for its kindness in allowing him to

11 enter into his wedding with his now wife, Ms. Lopez, who is

12 sitting right there, and he also asked me to introduce his

13 family members -- his mother-in-law, his mother, and his

14 stepfather.

15       THE COURT: Thank you. Yes, please be seated.

16       Mr. Mingo Lamar, yesterday I accepted your guilty plea

17 to one count of bank larceny, in violation of Section 2113(b)

18 of Title 18 of the United States Code. You are now here for

19 your sentencing.

20       Mr. Marcus Amelkin and Ms. Moe, is there any reason

21 why sentence should not be imposed at this time?

22       MS. MOE: No, your Honor.

23       MR. MARCUS AMELKIN: No, your Honor.

24       THE COURT: And Mr. Mingo Lamar, is there any reason

25 why I should not sentence you at this time?

I2n1mins

1       THE DEFENDANT:  No.

2       THE COURT:  So I've received copies of the sentencing
3  submissions from the government and from Mr. Mingo Lamar's
4  counsel.

5       With respect to the Sentencing Guidelines
6  calculations, I find, consistent with what's set forth in the
7  plea agreement, that the base offense level is 6.  Because the
8  loss amount to which the defendant pleaded was less than
9  $6,500, the offense level is not increased.  Because the
10 offense involved ten or more victims, the offense level is
11 increased by two levels.

12      Ms. Moe, one of the provisions of the plea agreement
13 regards the defendant demonstrating to the satisfaction of the
14 government acceptance of responsibility.  Does the government
15 acknowledge that?

16      MS. MOE:  Yes, your Honor.

17      THE COURT:  So because the defendant demonstrated
18 acceptance of responsibility, the offense level should be
19 decreased by two levels pursuant to Section 3E1.1(a).

20      Accordingly, I calculate the defendant's total offense
21 level under the Sentencing Guidelines to be 6, and with a
22 criminal history category of I, this places the guidelines
23 range at zero to six months' imprisonment and the fine range
24 from $1,000 to $9,500.

25      Ms. Moe, does the government wish to be heard with

I2n1mins

1  respect to the sentence?
2          MS. MOE:  Thank you, your Honor.  The government rests
3  on its sentencing submission.
4          THE COURT:  Thank you.
5          And are there any victims of the crime present in the
6  courtroom who wish to be heard with respect to the sentence?
7          MS. MOE:  No, your Honor.
8          THE COURT:  Mr. Marcus Amelkin, is there anything you
9  wish to say on your client's behalf with respect to this
10 sentence?
11         MR. MARCUS AMELKIN:  Yes, your Honor, just briefly.
12 Thank you.
13         Your Honor, I ask that you impose a sentence of time
14 served, followed by a period of supervised release.  There are
15 several reasons for this.
16         The first is his life circumstances.  Mr. Mingo Lamar
17 is 35 years old.  This is his first contact with the criminal
18 justice system.  Before he was arrested, he was working
19 steadily as a painter.  He has two young children who are both
20 American citizens, and now, as of today, he has three
21 stepchildren.  He has a very supportive family who are here
22 today to support him, including his new wife, and that leads me
23 to the second category, which is the nature and circumstances
24 of the offense.
25         This was a nonviolent crime in which Mr. Mingo Lamar

1  was taking unaltered, unchanged checks that he did not receive,
2  someone else received and gave it to him, and he deposited them
3  in his painting business's account, and he kept some of the
4  proceeds from that, for which he is deeply sorry, and for which
5  he has learned a very valuable lesson, that this type of crime
6  certainly did not pay for him.
7      A sentence of time served is also appropriate given
8  the collateral consequences that he may face, which is that an
9  immigration judge may choose to deport him away from his
10 children and stepchildren and his wife, even though he did
11 plead to a misdemeanor in this case.
12     And finally, your Honor, a sentence of time served is
13 most appropriate because for the past four months he has been
14 held in ICE custody even though he met all of his bail
15 conditions.  That time in jail, while it does not show up on
16 the BOP record as time that he spent incarcerated for this
17 crime, it is the reason why he was incarcerated, and the Court
18 should credit that and sentence him to time served.
19     Thank you, your Honor.
20     THE COURT:  Mr. Mingo Lamar, is there anything you
21 wish to say before I sentence you?  I should point out that you
22 are not required to say anything because your lawyer has
23 already spoken on your behalf, but this is your opportunity,
24 should you wish to personally address the Court.
25     THE DEFENDANT:  I am very sorry about what I

I2n1mins

1     committed.  And I apologize.

2                 MR. MARCUS AMELKIN:  Thank you, your Honor.

3                 THE COURT:  Thank you.

4                 In preparing to sentence Mr. Mingo Lamar, I considered

5     all of the arguments made in the written submissions that were

6     submitted to me and what I've observed here in court today.

7     I've also considered all the factors listed in 18 U.S.C.

8     Section 3553(a), which states that the Court shall impose a

9     sentence sufficient but not greater than necessary to reflect

10    the seriousness of the offense, to promote respect for the law,

11    to provide just punishment for the offense, to afford adequate

12    deterrence to criminal conduct, to protect the public from

13    further crimes of the defendant, and to provide the defendant

14    with needed educational or vocational training, medical care,

15    or other correctional treatment in the most effective manner.

16    I'm also required to consider by law the nature and

17    circumstances of the offense and the history and

18    characteristics of the defendant, the kind of sentences that

19    are available, the applicable Sentencing Guidelines provisions

20    that I've addressed earlier, any relevant Sentencing Commission

21    policy statements, the need to avoid unwarranted sentencing

22    disparities among defendants with similar records who have been

23    found guilty of similar conduct, and the need to provide

24    restitution to any victims of the offense.

25                Mr. Mingo Lamar, the crime that you're being sentenced

for today appears to be the only blemish on an otherwise law-abiding life.  You have no other criminal history.  But the crime you did commit was not a minor one, nor was it a result of a moment's thoughtlessness because from at least in or about November 2015, up to and including February 2017, you knowingly deposited checks payable to others into bank accounts controlled by you at financial institutions without the knowledge or consent of the checks' payees, and you knowingly engaged in theft.

That said, I'm optimistic that this is your last contact with the criminal justice system.  I do believe that you're remorseful and that you're prepared to be law-abiding in the future and you will not engage in any further criminal conduct.  Accordingly, it is my intention to sentence you as follows:

First, two years' probation, which is within the guidelines and which, in my view, is appropriate.

Second, a fine of $1,000, which is within the guidelines and which, in my view, is appropriate.

A special assessment in the amount of $25, which is mandatory.

And I want to turn to the issue of restitution.  Your plea agreement states that you agree to make restitution in an amount to be set by the Court, and it's the obligation to make such restitution be a condition of probation.  The Court does

I2n1mins

not believe that it has sufficient information at this time to make a decision on restitution, so later this afternoon I'll be entering an order that requires as follows, after some preamble:

No later than March 9, 2018, the government shall file documentary proof, by way of affidavit, declaration, or other admissible evidence, regarding the amount of losses incurred by Bank of America, Chase, and TD Bank that were a direct and proximate result of defendant's criminal conduct, and whether any such losses have been recouped in any manner.

2.  No later than March 9, 2018, defendant shall file an affidavit or declaration fully describing his financial resources, including a complete listing of all assets owned or controlled by defendant and the financial needs and earning ability of the defendant and the defendant's dependents.

3.  No later than March 16, 2018, the government and the defendant shall file memoranda of law addressing: (a) one another's prior submissions; (b) the identity and role of the individual who gave defendant the checks to deposit and whether criminal charges have been brought against such individual; and (c) any additional legal arguments that the parties would like the Court to consider regarding the issue of restitution.

I then will issue an amended judgment reflecting the amount of restitution at that time.

Does defense counsel have any objection to the

I2n1mins

sentence that I intend to impose or know any legal reason why it should not be imposed as stated?

MR. MARCUS AMELKIN:  The only thing I would ask, your Honor, is that you consider waiting to issue the $1,000 fine until you review the financial affidavit on March 9th or be open to the idea that if you find that Mr. Mingo Lamar is as indigent as I believe he is, that you'll find a fine is not necessary in this case.

THE COURT:  Ms. Moe, first I'm going to address that narrow issue and then I will ask you more broadly, what's the government's position on the Court deferring on the amount of the fine?

MS. MOE:  Your Honor, the government takes no position on that and defers to the Court on that issue.

THE COURT:  So let me ask the government then whether the government has any objection to the sentence I intend to impose, putting aside the fine that was just addressed, or know of any legal reason why it should not be imposed as stated?

MS. MOE:  No, your Honor.

THE COURT:  Give me a moment.

The Court, in its discretion, will agree to defer the decision with respect to the fine until the additional submissions come in, and the fine will also be addressed in the amended judgment that will be entered thereafter on or before March 30th.

1           Mr. Mingo Lamar, would you please stand.

2           It is the judgment of this Court that you be sentenced

3  to two years of probation.

4           While on probation, you shall not commit another

5  federal, state, or local crime;

6           You shall not unlawfully possess a controlled

7  substance;

8           Also while on probation, you shall be subject to

9  mandatory drug testing;

10          You must provide the probation officer with access to

11 any requested financial information;

12          You must not incur new credit charges or open

13 additional lines of credit without approval of the probation

14 officer unless you are in compliance with any payment schedule

15 that's later imposed;

16          You must obey the immigration laws and comply with the

17 directives of immigration authorities.

18          It is further ordered that you must pay to the United

19 States a special assessment of $25.

20          Failing to abide by these conditions could result in

21 your being imprisoned.  Do you understand that?

22          THE DEFENDANT:  Okay.

23          THE COURT:  You also shall be required to pay any

24 restitution and fine that the Court later will impose in a

25 decision to be issued on or before March 30th.

I2n1mins

1          You may be seated.

2          MR. MARCUS AMELKIN:  We thank the Court for its
3 sentence.

4          THE COURT:  Mr. Mingo Lamar, I will now read to you
5 your appeal rights.

6          You can appeal your conviction if you believe that
7 your guilty plea was somehow unlawful or involuntary or if
8 there's some other fundamental defect in the proceedings that
9 was not waived by your guilty plea.  You also have a statutory
10 right to appeal your sentence under certain circumstances,
11 particularly if you think the sentence is contrary to law.
12 However, a defendant may waive those rights as part of a plea
13 agreement, and you have entered into a plea agreement which
14 waives some or all of your right to appeal the sentence itself.
15 Such waivers are generally enforceable, but if you believe that
16 the waiver is unenforceable, you can present that theory to the
17 appellate court.  With few exceptions, any notice of appeal
18 must be filed within 14 days of judgment being entered in your
19 case.  Your attorney will discuss with you whether or not you
20 wish to file a notice of appeal.  If you're not able to pay the
21 cost of an appeal, you may apply for leave to appeal *in forma*
22 *pauperis*, and if you request, the clerk of the court will
23 prepare and file a notice Of appeal on your behalf.  The clerk
24 will prepare the judgment, and we'll see to it that the
25 required documentation is sent to the Sentencing Commission.

I2n1mins

1          Do the parties have any other applications?
2          MS. MOE:  No, your Honor.  Thank you.
3          MR. MARCUS AMELKIN:  No.  We thank the Court again for
4  its sentence.
5          THE COURT:  Okay.  And we are adjourned.
6          THE DEPUTY CLERK:  All rise.
7                              o0o